**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

YASMEEN SALEH,

Plaintiff,

- against -

CITY WASH SI LLC, JOEY (LAST NAME UNKNOWN), *Individually*, ABE (LAST NAME UNKNOWN), *Individually*, AND YOUSSI (LAST NAME UNKNOWN), *Individually*,

Defendants.

-------------------------------------------------------------------X

**Case No.**

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff YASMEEN SALEH, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") as amended, 42 U.S.C. § 2000-e *et seq.* and the New York City Human Rights Law, New York City Administrative Code § 8-107 *et seq.*,and the New York State Human Rights Law, New York State Executive Law, § 296, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against, retaliated against**, and **terminated by her employer** solely due to her **religion (Muslim) and national origin (Yemeni)**.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. Section §1981, 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated December 12, 2016, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This Action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff YASMEEN SALEH ("SALEH") is a resident of the State of New York and County of Richmond.

9. That at all times relevant hereto, Defendant CITY WASH SI LLC ("CITY WASH") is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York, doing business as Touchless Auto Wash, with a place of business at 1995 Forest Avenue, Staten Island, New York 10303.

10. That at all times relevant hereto, Plaintiff SALEH was an employee of Defendant CITY WASH.

11. Plaintiff is a Yemeni woman and a practicing Muslim.

12. That at all times relevant hereto, Defendant JOEY (LAST NAME UNKNOWN) ("JOEY") was a co-owner of Defendant CITY WASH's Touchless Auto Wash location.

13. That at all times relevant hereto, Defendant JOEY was Plaintiff SALEH's supervisor and/or had supervisory authority over Plaintiff SALEH. Defendant JOEY had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

14. That at all times relevant hereto, Defendant ABE (LAST NAME UNKNOWN) ("ABE") was a co-owner of Defendant CITY WASH's Touchless Auto Wash location.

15. That at all times relevant hereto, Defendant ABE was Plaintiff SALEH's supervisor and/or had supervisory authority over Plaintiff SALEH. Defendant ABE had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

16. That at all times relevant hereto, Defendant YOUSSI (LAST NAME UNKNOWN) ("YOUSSI") was an employee of Defendant CITY WASH at its Touchless Auto Wash location. Plaintiff's title was "cashier" throughout her employment with Defendant.

17. That at all times relevant hereto, Defendant YOUSSI was Plaintiff SALEH's supervisor and/or had supervisory authority over Plaintiff SALEH. Defendant YOUSSI had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

18. That at all times relevant hereto, Defendants CITY WASH, JOEY, ABE, and YOUSSI are collectively referred to herein as "Defendants."

## MATERIAL FACTS

19. On or about September 2015, Defendant CITY WASH's previous owner, Eddy Darmony, hired Plaintiff SALEH as a cashier, earning approximately $9.00 per hour. Plaintiff was hired for shifts on Tuesdays, Thursdays, and Saturdays from 8:00am to 7:00pm.

        Defendants JOEY and ABE knew of Plaintiff's schedule and agreed to it when they took over the location. Plaintiff's projected annual salary was approximately $15,444.00.

20. In or around November 2015, Defendant YOUSSI was hired back as a supervisor at Touchless Auto Wash. Defendant YOUSSI was previously terminated due to his attitude and offensive conduct, but returned just before Defendants JOEY and ABE took over.

21. Almost immediately upon resuming his position, Defendant YOUSSI questioned Plaintiff about her national origin and religion. Upon learning of her Middle Eastern heritage and religion, Defendant YOUSSI launched into a campaign of discrimination against Plaintiff SALEH.

22. Defendant YOUSSI regularly called Plaintiff a "stupid fucking idiot" and a "motherfucker" in front of customers and other employees. Defendant YOUSSI would stand over Plaintiff and wait for her to make a mistake in order to verbally harass her. These verbal harassment was exclusive to Plaintiff, the only Muslim and Yemeni employee of Defendants.

23. The pattern continued for months, despite Plaintiff's repeated requests that it stop. As Defendant YOUSSI was her supervisor, and controlled her schedule and hours of employment, she was scared to escalate her complaints to the owners. Defendant YOUSSI's aggressive behavior scared Plaintiff, and she felt compelled to keep her complaints to herself.

24. Finally, in or around early February 2016, Plaintiff was fed up with Defendant YOUSSI's discrimination and Plaintiff approached Defendants ABE and JOEY about Defendant YOUSSI's behavior. They apologized, telling her what a great asset she was to the company, and promised that they would sit down with Defendant YOUSSI to address his

behavior.

25. Soon thereafter, Plaintiff's hours were cut in direct retaliation for her complaints. Defendant YOUSSI claimed that business was slow, but this had never been an excuse to cut hours in the past. Upon information and belief, other employees' hours were not cut.

26. On or around February 23, 2016, Defendant YOUSSI told Plaintiff, in the presence of other employees, that he would find the rapist who attacked a woman next door, and have him rape Plaintiff. Defendant YOUSSI used this threat on multiple occasions afterwards, terrifying Plaintiff and causing her a great deal of emotional distress.

27. **In or around early March 2016, Defendant YOUSSI started regularly calling Plaintiff a "fucking terrorist" and repeatedly told her to "go bomb [herself] like [her] people" in front of other employees and customers. Plaintiff was called a "terrorist" about 5 times that week.**

28. **Plaintiff was also told by Defendant YOUSSI that, "you and your people should go back to your country."**

29. Terrified, Plaintiff approached the bookkeeper, Donna, to ask about her hours and report Defendant YOUSSI's increasingly appalling and threatening behavior. ABE and JOEL were rarely in the shop so the only way to communicate with the owners was to reach out to the bookkeeper who was scheduled to meet with ABE and JOEL. The bookkeeper promised to bring up the issue of Plaintiff's hours with Defendants ABE and JOEL. Plaintiff never heard from Defendants after this report.

30. Donna also explained to Plaintiff the circumstances of Defendant YOUSSI's prior termination and the previous complaints against him. Defendant YOUSSI would ignore customers, and become frustrated with them easily. He would also regularly leave in the

middle of an interaction with customers, and not return to finish service.

31. On or around March 31, 2016, Defendant YOUSSI dismissed Plaintiff from work early, citing slow business. Plaintiff reported this to the bookkeeper again, and she once again promised to contact Defendants.

32. March 31, 2016 was the last day Plaintiff worked. Defendants immediately hired a new cashier and cycled Plaintiff out without her knowledge. She never received word of her termination, nor the purported reasons for it.

33. Plaintiff was the only Muslim and Yemini woman working for Defendant CITY WASH.

34. Based on the aforementioned suspicious actions, **it is clear that Defendants' reason for terminating Plaintiff SALEH's employment was due to Plaintiff SALEH's religion and national origin and in retaliation for complaining of this discrimination.**

35. Plaintiff SALEH felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

36. Plaintiff SALEH has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

37. **Defendants' actions and conduct were intentional and intended to harm Plaintiff SALEH**.

38. As a result of Defendants' actions, Plaintiff SALEH feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

39. As a result of the Defendants' discriminatory treatment of Plaintiff SALEH, she has suffered severe emotional distress and physical ailments.

40. As a result of the acts and conduct complained of herein, Plaintiff SALEH has suffered

and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff SALEH has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff SALEH further experienced severe emotional and physical distress.

41. As a result of the above, Plaintiff SALEH has been damaged in an amount in excess of the jurisdiction of the Court.

42. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff SALEH demands Punitive Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

43. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

44. 42 USC 2000e-2(a), states in relevant part: "It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

45. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her national origin and religion.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

54. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. The Administrative Code of City of New York §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against Plaintiff because of her religion and national origin.

**AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION**

**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Not Against Individual Defendants)**

58. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

60. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against the Plaintiffs because of their opposition to the unlawful employment practices of the Defendants.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Against Individual Defendants)**

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**JURY DEMAND**

64. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, the New York City Administrative Code, §8-107 *et. seq*., and New York State Human Rights Law, New York State Executive Law § 296 *et. seq.* ("NYSHR"), in that Defendants discriminated against Plaintiff on the basis of her religion and national origin, and retaliated against Plaintiff for complaining of this discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
December 27, 2016

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

________________________
Marjorie Mesidor
Brittany Stevens
45 Broadway, Suite 620
New York, NY 10006

(212) 248-7431
MMesidor@tpglaws.com
BStevens@tpglaws.com

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Yasmeen Saleh**
**2 Rockville Avenue**
**Staten Island, NY 10314**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2016-03559** | **Roxanne Zygmund, Investigator** | **(212) 336-3764** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
District Director

DEC 12 2016
*(Date Mailed)*

cc: **Director of Human Resources**
**CITY WASH SI LLC**
**1995 Forest Avenue**
**Staten Island, NY 10303**

**Marjorie Mesidor, Esq.**
**PHILLIPS & ASSOCIATES**
**45 Broadway**
**Suite 620**
**New York, NY 10006**